## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

MATT RAEBURN                                                    PLAINTIFF

v.                          No. 4:18-cv-374-DPM

JAMES GIBSON, Individually; and in
his Official Capacity as a Police Officer
for the City of Vilonia, Arkansas                              DEFENDANT

### ORDER

Parents can get rowdy at their children's sporting events, and
that's where Matt Raeburn's predicament starts.   Raeburn was
attending his son's high school baseball game in Vilonia when things
between parents got tense.   School administrators were concerned
about the situation, particularly Raeburn's behavior, and called the
police. Vilonia Officer James Gibson responded. He spoke with school
administrators when he arrived.  Officer Gibson confronted Raeburn,
eventually asking him to leave the game.  Raeburn, a former police
officer, didn't do so as promptly as Officer Gibson wanted.  Then he
jerked away when the officer started to arrest him. Officer Gibson put
Raeburn on the hood of his patrol car, cuffed him, and told him he was
under arrest for disorderly conduct and resisting arrest. Raeburn says
Officer Gibson violated his rights during the arrest in two main ways:
by seizing him without arguable probable cause that he'd violated the

law; and by using excessive force. He also alleges that Vilonia inadequately trained Officer Gibson. Raeburn makes many other state law claims. The parties agree, though, that the arrest is the core.

Vilonia Chief of Police Brad McNew and Lieutenant Tony Hartwick investigated the arrest. They reviewed the video footage, incident report, use of force report, Gibson's written statement, and spoke with Vilonia's Vice Principal Rick Kelley, Searcy's Athletic Director Butch Schucker, and Officer Gibson about the incident. Chief McNew concluded that all Raeburn's charges should be dropped and that Officer Gibson should be disciplined. Officer Gibson received a written warning for not following Vilonia's policy on code of conduct and two written reprimands, one for not following the policy on stop, arrest, and search and another for bias-based policing. Chief McNew also recommended that Gibson take a refresher course on use of force. Officer Gibson's main stumble, as the Chief put it, was he "let someone get under his skin." *Doc. 34-12 at 8.* Despite the stumble, Chief McNew doesn't believe Gibson violated Raeburn's constitutional rights because there was probable cause for an arrest—for a different charge, obstructing governmental operations.

Each side seeks judgment as a matter of law. Raeburn disagrees with some of what Officer Gibson and the City say happened during the arrest, and where Raeburn disagrees, he asks the Court to look to the dashcam footage because it "speaks for itself." *Doc. 48 at 5–9; See*

-2-

*Scott v. Harris*, 550 U.S. 372, 378–81 (2007). Based on the parties' Local Rule 56.1 statements and the video, here are the material undisputed facts viewed most favorably to Raeburn.

When he got to the baseball game, Officer Gibson spoke with school administrators, who pointed out Raeburn as the man causing problems. The administrators asked Officer Gibson to speak with Raeburn, try to calm him down, and get Raeburn to leave if he wouldn't settle down. Officer Gibson approached Raeburn, asked him to step to the front of the police car so the dashcam could record their interaction. After some fussing, Raeburn met Officer Gibson there. The officer asked Raeburn for his identification. Raeburn complied, slowly. Officer Gibson had a warrant check run and then instructed Raeburn to leave because he was engaging in disorderly conduct. Raeburn didn't comply. He instead began to question Officer Gibson and informed him that he couldn't leave because he needed to get his stuff and his young son. Officer Gibson repeatedly instructed Raeburn that he needed to leave the ball field, and got his handcuffs out during his final warning. After one last request, Raeburn said he was going. Officer Gibson said "it's too late" and reached for Raeburn's left hand to cuff him. Raeburn moved away from the officer and jerked his left arm away. Officer Gibson pushed Raeburn to the hood of the police car and Raeburn pushed back; the two scuffled a bit as the officer gained control of Raeburn. Officer Gibson got Raeburn on the hood using his

-3-

left hand and body to hold Raeburn down.  Raeburn stopped pushing back and allowed Officer Gibson to cuff his left hand.  Raeburn was initially unwilling to give up his right hand and roll face down; but he did so eventually;  and Officer Gibson arrested him.  Gibson told Raeburn he was being arrested for disorderly conduct and resisting arrest.  And he placed him in the back seat of the patrol car.

The case turns on whether Gibson had arguable probable cause to arrest Raeburn.  *Smithson v. Aldrich*, 235 F.3d 1058, 1062 (8th Cir. 2000). Arguable probable exists if an officer makes an objectively reasonable mistake in determining, in the fast moment, whether probable cause exists for an arrest.  *Ulrich v. Pope County*, 715 F.3d 1054, 1059 (8th Cir. 2013).  This low bar protects officers, except those who either knowingly violate the law or are plainly incompetent.  *Ibid.*  Officer Gibson said he was arresting Raeburn for disorderly conduct and resisting arrest.  He cited him for those two charges plus criminal trespass.  Obstructing governmental operations was never mentioned or charged.  Was Gibson's mistake about the charge reasonable?  Yes.

"While it is assuredly good police practice to inform a person of the reason for his arrest at the time he is taken into custody, [the Supreme Court has] never held that to be constitutionally required." *Devenpeck v. Alford*, 543 U.S. 146, 155 (2004).  If an officer says he's arresting you for crime X, where probable cause is absent, but he has probable cause to arrest you for crime Y, then the arrest is still

-4-

reasonable. *Devenpeck*, 543 U.S. at 153–55. Officer Gibson repeatedly asked Raeburn to stand in front of his patrol car. Raeburn didn't. The officer asked for Raeburn's ID. Raeburn was reluctant. Officer Gibson instructed him to leave the ball field. Raeburn stalled. And when the officer attempted to arrest him, Raeburn dodged and jerked his left hand away to avoid being cuffed. These combined circumstances gave Officer Gibson at least arguable probable cause to arrest Raeburn for obstructing governmental operations. ARK. CODE ANN. §§ 5-54-101 & 102. An officer could reasonably conclude that Raeburn was knowingly hindering the quick investigation into Raeburn's behavior. Officer Gibson's mistake of law about the other charges doesn't negate that arguable probable cause. *Devenpeck*, 543 U.S. at 155. He is entitled to qualified immunity on the arrest.

The excessive-force claim fails because Officer Gibson's actions were objectively reasonable in the circumstances. *Carpenter v. Gage*, 686 F.3d 644, 649 (8th Cir. 2012). The video shows Raeburn's noncompliance and avoidance, which justified Officer Gibson in using the minimal force applied to complete the arrest. Officer Gibson's use of his hands, body, and patrol car to wrangle Raeburn up was not excessive. After Raeburn complied, Officer Gibson removed his left hand and used only his body to hold Raeburn down to cuff him. The force used was objectively reasonable in the circumstances. *Ehlers v. City of Rapid City*, 846 F.3d 1002, 1011 (8th Cir. 2017).

-5-

There are two other federal claims.   Raeburn's failure-to-train claim against Vilonia fails as a matter of law because there's no underlying constitutional violation.  *Sinclair v. City of Des Moines, Iowa,* 268 F.3d 594, 596 (8th Cir. 2001) (*per curiam*).   And Raeburn's First Amendment retaliation claim fails as a matter of law because Officer Gibson had arguable probable cause to arrest him.  *Peterson v. Kopp,* 754 F.3d 594, 602 (8th Cir. 2014).

Only state law claims remain.  And the Court declines to exercise supplemental jurisdiction over them.  28 U.S.C. § 1367(c)(3); *Streambend Properties II, LLC v. Ivy Tower Minneapolis, LLC,* 781 F.3d 1003, 1016–17 (8th Cir. 2015).

\*   \*   \*

Officer Gibson's motion for summary judgment, *Doc. 33,* is partly granted and partly denied.  He is entitled to qualified immunity on Raeburn's federal constitutional claims asserted under 42 U.S.C. § 1983. Raeburn's motion for summary judgment, *Doc. 26,* is denied.   The Court declines to exercise supplemental jurisdiction over the state law claims, which will be dismissed without prejudice as Raeburn requests. *Doc. 47 at 5.*  The Court will enter judgment accordingly.

So Ordered.

D.P. Marshall Jr.
United States District Judge

24 April 2020